VOSE *et al.* v. MASON *et al.*

*Appeal from Van Buren District Court — Friday, July 27.*

FRAUDULENT CONVEYANCE: HUSBAND AND WIFE.

SUIT in equity to set aside the legal title to certain real estate held by defendant Nancy Mason, as fraudulent, and quiet the title in plaintiffs, who are purchasers thereof at execution sales in their own favor, against L. J. Mason, the husband of said holder of the legal title. The district court granted the prayer of plaintiffs, and the defendants appeal.

*J. C. Knapp, Withrow & Wright* and *Mayne & Work* for the appellants — *Semple* and *Jones* for the appellee.

COLE, J. — There is but one question involved in this case, and that is purely of fact. Did L. J. Mason, the judgment debtor, own the property in controversy and have the title conveyed to his wife, Nancy Mason, to defraud his creditors? The plaintiffs aver that he did. The defendants, by their answer under oath and in detail, deny that he did. The burden is upon plaintiffs. They have proved that, in 1856, L. J. Mason failed in business in the State of New York, and surrendered all his property to his creditors; that, shortly after, he came to Iowa, having about $60 when he started; that his wife and five children, boys, aged from eight to eighteen, followed him a few months after, their passage being paid by an older son still in New York. A little time after their arrival they began to keep boarding-house, which expanded into a hotel. The wife bought it upon her credit, depending upon money from her father's estate to pay for it, but paying her watch, and perhaps some other little matters, on it at the time. This hotel was exchanged, by her, for another and better; the boys were industrious and thrifty, and soon got into business for themselves; the premises were improved and ultimately paid for, and constitute the germ of this controversy. These are substantially the facts proved. There is no showing that L. J. Mason ever paid a dollar upon or toward the property. Under these circumstances, we cannot sustain a judgment divesting the wife of the legal title. There should at least be some showing that the husband exercised ownership or contributed to the consideration paid for the property. Fraud is not to be presumed. Nor can we, under our statutes, presume the title to real estate, which is legally in the wife, to belong equitably to the husband, simply because he is the husband, and, therefore, the head of the family. There must be some proof beyond this. Under the proofs in this case, we could as readily find the property to belong to the older son as to the father.

Reversed.